Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Thomas J. Golle Sr.
Deborah A. Golle**
    Debtor(s)

Bankruptcy Case No.: 14–24126–TPA
Per July 25, 2016 proceeding
Chapter: 13
Docket No.: 108 – 5, 97, 98
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 20, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐  A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐  C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐  D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☑  E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐  F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑  G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: City & SD of Pgh (Claim No. 3) .

☑  H.    Additional Terms: US Bank c/o JPMorgan (Cl No. 7) postpetition payment $361.50 beginning 6/16 per loan modification, then payment of $360.96 beginning 8/16 per declaration filed.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: July 29, 2016

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                   Case No. 14-24126-TPA
Thomas J. Golle, Sr.                                                     Chapter 13
Deborah A. Golle
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: lmar                 Page 1 of 2                 Date Rcvd: Jul 29, 2016
                              Form ID: 149               Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 31, 2016.
db/jdb         +Thomas J. Golle, Sr.,   Deborah A. Golle,   5216 Gertrude Street,   Pittsburgh, PA 15207-1733
13938104       +Allegheny Clinic,   4 Allegheny Center, 10th Floor,   Physician Organization,
                 Pittsburgh, PA 15212-5255
13938106       +Chase Home Finance,   3415 Vision Drive,   Columbus, OH 43219-6009
13967496       +City of Pittsburgh,   c/o Goehring Rutter & Boehm,   437 Grant Street, 14th Floor,
                 Pittsburgh, PA 15219-6101
13938108        Dr. M. Mostoufizadeh, MD, PC,   PO Box 9078,   Pittsburgh, PA 15224-0078
14113350        ECMC,   PO BOX 16408,   ST. PAUL MN 55116-0408
13938110        Jefferson Regional Medical Center,   PO Box 3475,   Toledo, OH 43607-0475
13947039       +Nelnet on behalf of ASA,   American Student Assistance,   100 Cambridge Street Suite 1600,
                 Boston, MA 02114-2567
13938112       +Peoples Natural Gas,   PO Box 86190,   Pittsburgh, PA 15221-0190
13940995        Santander Consumer USA,   P. O. Box 560284,   Dallas, TX 75356-0284
13938114       #+Santander Financial,   8585 North Stemmons Freeway,   Dallas, TX 75247-3822
13938115       +State Collections,   2509 S. Stoughton Road,   Madison, WI 53716-3314
14050089       +U.S. Bank National Assoc., et al,   c/o JPMorgan Chase Bank, N.A.,   3415 Vision Drive,
                 OH4-7142,   Columbus, OH 43219-6009
14066978       +U.S. Bank National Association, as Trustee, et al.,   Chase Records Center,
                 Attn: Correspondence Mail,   Mail Code LA4-5555,   700 Kansas Lane,   Monroe, LA 71203-4774
13938116       +Waterfront Surgery Center,   495 E Waterfront Drive,   Suite 110,   Homestead, PA 15120-1151

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13938105        E-mail/Text: bankruptcy@cavps.com Jul 30 2016 01:15:52     Cavalry Portfolio,
                 4050 East Cotton Center,   Phoenix, AZ 85040
13938107       +E-mail/Text: hariasdiaz@creditmanagementcompany.com Jul 30 2016 01:15:55     Credit Management,
                 2121 Noblestown Road,   Pittsburgh, PA 15205-3956
13987355       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Jul 30 2016 01:16:16     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,   Bernstein-Burkley, P.C.,,   707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
13988214        E-mail/Text: bankruptcy.bnc@gt-cs.com Jul 30 2016 01:14:57     Green Tree Servicing LLC,
                 PO BOX 6154,   Rapid City, SD 57709-6154,   Telephone # 888-298-7785
13938109       +E-mail/Text: bankruptcy.bnc@gt-cs.com Jul 30 2016 01:14:57     Greentree,   P.O. Box 6172,
                 Rapid City, SD 57709-6172
13938111       +E-mail/Text: electronicbkydocs@nelnet.net Jul 30 2016 01:15:32     Nelnet,
                 121 South 13th Street,   Lincoln, NE 68508-1922
13938113        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 30 2016 01:25:14
                 Portfolio Recovery,   120 Corporate Blvd., Ste. 1,   Norfolk, VA 23502
14083143        E-mail/Text: bnc-quantum@quantum3group.com Jul 30 2016 01:15:06
                 Quantum3 Group LLC as agent for,   NCEP LLC,   PO Box 788,   Kirkland, WA 98083-0788
                                                                                              TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Chase Home Finance
cr             City of Pittsburgh
cr             Duquesne Light Company
cr             JPMorgan Chase Bank, NA.
cr             U.S. Bank National Assoc., as Trustee, et al
cr             U.S. Bank National Association, as Trustee, succes
cr*            ECMC,   P.O. BOX 16408,   ST. PAUL, MN 55116-0408
cr*            Quantum3 Group LLC as agent for,   NCEP LLC,   PO Box 788,   Kirkland, WA 98083-0788
cr           ##+Peoples Natural Gas Company, LLC,   Attn: Dawn Lindner,   375 North Shore Drive, Suite 600,
                 Pittsburgh, PA 15212-5866
                                                                                      TOTALS: 6, * 2, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0315-2          User: lmar                    Page 2 of 2                   Date Rcvd: Jul 29, 2016
                              Form ID: 149                  Total Noticed: 23
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2016                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 29, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor   Chase Home Finance agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Andrew F Gornall    on behalf of Creditor   U.S. Bank National Assoc., as Trustee, et al
               agornall@goldbecklaw.com,  bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Andrew F Gornall    on behalf of Creditor   U.S. Bank National Association, as Trustee, successor
               in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle
               Bank, National Association as Trustee for EMC Mor agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor   City of Pittsburgh jhunt@grblaw.com,
               cnoroski@grblaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              Shawn N. Wright    on behalf of Joint Debtor Deborah A. Golle shawn@shawnwrightlaw.com,
               wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com
              Shawn N. Wright    on behalf of Debtor Thomas J. Golle, Sr. shawn@shawnwrightlaw.com,
               wrightshawn@hotmail.com;wrightshawn49@gmail.com;wrightshawnecf@gmail.com
                                                                                             TOTAL: 10
```